UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-22147 LENARD/GOODMAN

STERLING NATIONAL MORTGAGE, CO., INC.,

    Plaintiff,

v.

INFINITE TITLE SOLUTIONS, LLC,
et al.
    Defendants.

_____/

## REPORT AND RECOMENDATIONS ON

## PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGEMENT

THIS MATTER is before the Court on Plaintiff's Motion for entry of Default Final Judgment against the following Defendants: Theodore Wojtas, Edelweiss, Inc., Ibis Club International, LLC, Ibis Club Equity Fund, Inc., Ibis Club Property Management (John Doe), Ibis Club Property Maintenance (Jack Doe), Steal A Condo, LLC, Aapex Appraisal Services, Inc., Sean McCray, and Tyrone Cassimy (aka Tyron Cassiny) (DE# 55).

Defendants Edelweiss, Inc., Ibis Club International, LLC, and Theodore Wojtas filed an Unopposed Motion to Set Aside Entry of Default, contending that default judgment should not be entered because service of process was inadequate. (DE# 85.) These three Defendants agreed to waive service of process and Plaintiff agreed not to oppose the motion (DE# 85, p. 2). The District Court granted this motion on October 21, 2010. (DE# 86.)

Hence, Sterling now seeks a default final judgment against only Ibis Club Equity Fund, Inc., Ibis Club Property Management (John Doe), Ibis Club Property Maintenance (Jack Doe), Steal A Condo, LLC, Aapex Appraisal Services, Inc., Sean McCray, and Tyrone Cassimy (aka Tyron Cassiny) (collectively the "defaulting defendants"). For the foregoing reasons, I respectfully recommend that the District Court **deny** Sterling's motion for default final judgment and **dismiss without prejudice** Sterling's claims against the defaulting defendants.

I.   **Background and Procedural Posture**[1]

Plaintiff, Sterling National Mortgage Co., Inc. ("Sterling"), a wholly-owned subsidiary of Sterling National Bank, filed a complaint (including claims for breach of contract, breach of fiduciary duties, negligent misrepresentation, fraudulent misrepresentation, unjust enrichment, civil conspiracy, civil RICO, and RICO conspiracy) against myriad defendants on June 29, 2010. (DE# 1.)

Six of these defendants eventually responded to Sterling's complaint by filing motions to dismiss (the "active defendants"). (DE# 57; DE# 95.) These motions to dismiss were the subject of extensive briefing and a two hour and fifteen minute hearing. Before the latter-filed motion to dismiss had been fully briefed, I reviewed the complaint and determined there was a serious question as to whether Sterling stated any valid federal claims giving rise to this Court's jurisdiction. (DE# 102.) As a consequence, I asked Sterling and the parties filing the latter motions to specifically address whether

---

[1] A more-detailed description of the factual and legal background of the federal RICO claims in this lawsuit can be found in my report and recommendations on the two pending motions to dismiss. (DE# 124.)

Sterling had adequately alleged a "pattern of racketeering activity, "continuity," and "proximate causation" as required under RICO. (*Id.*)

On February 16, 2011, I held a hearing on the motions to dismiss. At the conclusion of this hearing, I indicated on the record to Sterling that I would likely recommend that the District Court grant the motions to dismiss. In light of my likely recommendation on the motions to dismiss, I asked Sterling to submit a proposed report and recommendations on its motion for default final judgment against the non-responding defendants. Specifically, I asked Sterling to "explain whether it believes it is entitled to a default final judgment if its Complaint does not adequately state claims for RICO and RICO conspiracy (which means there would be no federal court jurisdiction)." (DE# 120, p. 2.)

Though labeled as a proposed report and recommendations, Sterling filed what is better characterized as memorandum in response to my request. (Ex. 1.)[2] In that memorandum, Sterling takes a threefold approach concerning the motion for default judgment.

First, Sterling accurately recounts the docket entries demonstrating that it obtained valid Clerk's defaults against the defaulted defendants and that entry of final default judgment is, all else being equal, procedurally proper at this time.[3] (*Id.* at p. 2.)

---

[2] All proposed reports and recommendations pertaining to both the motions to dismiss and the motion for final default judgment were submitted to my e-file box and were not filed through the CM/ECF system. Consequently, a copy of Sterling's proposed report and recommendations on the motion for default judgment is attached to this report and recommendations as Exhibit 1.

[3] Each summons was returned executed. (DE# 12; DE# 19; DE# 25; DE# 27; DE# 29; DE# 31; DE# 41.) No response or answer to any summons was served by the

3

Second, Sterling argues that, regardless of whether it stated valid RICO or RICO conspiracy claims against any defendant, the Court may grant its motion for default final judgment against the defaulted defendants on its state law claims. (*Id.* at pp. 3-4.)

Third, Sterling does not argue that it actually stated a RICO or RICO conspiracy claims against any of the defaulted defendants. Instead, it concedes[4] that:

> Plaintiff believes it would be inequitable for the Court to issue final default judgments against the Defaulted parties if the Court dismisses those counts as to the active defendants. If Plaintiff is unable to amend the Complaint in such a way that the Court believes a claim has been stated upon which relief can be granted, then Plaintiff does not believe it could do so for any of the Defaulted Parties.

(*Id.*)

## II. Standard for Default Judgment

Rule 12 of the Federal Rules of Civil Procedure provides that a defendant has 21 days from the date of service to respond to a complaint. If the defendant fails to respond within that time and the plaintiff demonstrates this by affidavit or otherwise, the Clerk must enter a default judgment against that defendant. FED. R. CIV. P.55(a). When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. FED. R. CIV. PRO. 55(a). A party may then apply to the Court for a default judgment. FED. R. CIV. PRO. 55(b)(2). *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

---

Defendants here. For each party, a default was entered by the Clerk. (DE# 15; DE# 33; DE# 36; DE# 37; DE# 38; DE# 39; DE# 49.)

[4]   The Court appreciates Plaintiff's candor in making this concession.

But a court may not enter a final default judgment solely based on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are "well pleaded" and present a "sufficient basis" to support a default judgment on the causes of action. *Alfa*, 560 F. Supp. 2d at 1174 (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Only those well-pleaded factual allegations are admitted by defaulting. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A defaulting defendant does not admit facts that are not well-pleaded or that are in substance mere conclusions of law. *Transamerica Corp. v. Moniker Online Servcs., LLC*, No. 09-60973-CIV, 2010 WL 1416979 (S.D. Fla. April 7, 2010) (citing *Nishimatsu*, 515 F. 2d at 1206). A plaintiff must generally also still prove his damages. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004).

## II.     Analysis

Sterling's motion for final default judgment should be denied and all of its claims against the defaulting defendants should be dismissed (albeit without prejudice).

### A.     RICO and RICO Conspiracy Claims

In my recently entered report and recommendation on the motions to dismiss, I described the facts of this case and the relevant RICO law and concluded that Sterling failed to state a RICO or RICO conspiracy claim against the active defendants. (DE# 124.) Given that recommendation, and Sterling's concession that "As to the federal question causes of action, Count X (Civil RICO) and Count XI (RICO Conspiracy), Plaintiff believes it would be inequitable for the Court to issue final default judgments against the Defaulted Parties if the Court dismisses those counts as to the active

5

defendants," I respectfully recommend that the District Court deny Sterling's motion for final default judgment on those two claims.[5]

Even if Sterling had not already conceded that equity requires denying its motion, I would still recommend that the District Court deny it -- because Sterling's complaint contains insufficient well-pleaded allegations to state either a RICO or RICO conspiracy claim against any of these defendants.

For instance, Sterling alleges that Steal A Condo, LLC was created to market condominiums. (DE# 1, ¶ 33(b).) It also suggests that this entity was a conspirator who participated in a "scheme" to sell condominiums for less-than-market values. However, my review of the complaint indicates that nowhere does Sterling state these allegations with the specificity required by Rule 9(b) (i.e., the precise statements, documents, or misrepresentations made by Steal A Condo, the content and manner in which Steal A Condo's statements misled Sterling, etc.). *See Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (delineating 9(b)'s exacting requirements in a RICO fraud case). Sterling simply alleges that it found promotional literature for the resort on the internet but does not clearly allege that this marketing information or any other was prepared by Steal A Condo or the other two entities Sterling alleges were also created to market the condominiums, the American Dream Network and U.S. Residential. (DE# 1, ¶¶ 33(b), 45.)

Sterling claims that Ibis Club Equity Fund, LLC was created as "an alternate vehicle to receive funds from the condominium sales," but does not elaborate in any way

---

[5] Sterling also stated that "Plaintiff respectfully requests that the Court grant final default judgments only as to the state law causes of action against the Defaulted Parties." (Ex. 1, p. 4.)

6

how Ibis Club Equity Fund, LLC was anything more than a passive receiver of funds controlled entirely by Wojtas – and thus fails to establish that it can be fairly said to have participated in the operation or management of the alleged RICO enterprise. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).

Sterling identifies Sean McCray as president of Aapex Appraisal Services, Inc. and Aapex itself as the company that appraised the sole property at issue in this litigation. (DE# 1, ¶¶ 4, 70.) Though Sterling identifies multiple alleged "misstatements" in its complaint, it does not appear to provide specific allegations detailing how McCray or Aapex played any role in operating or managing the alleged RICO enterprise. (*E.g., id.* at ¶ 82.) It is not clear from Sterling's complaint whether this critical RICO requirement is alleged or whether these two defendants simply ran their own personal business in a dishonest, shoddy manner that in this one particular instance contributed to Sterling's decision to fund a loan. *See Department of Econ. Dev. v. Arthur Anderson & Co.*, 924 F. Supp. 449, 466-67 (S.D. N.Y. 1996) ("providing important services to a racketeering enterprise is not the same as directing the affairs of an enterprise" because "even the provision of services essential to the operation of the RICO enterprise itself is not the same as participating in the conduct of the affairs of the enterprise").

Sterling identifies Ibis Club Property Management (AKA John Doe) and Ibis Club Property Maintenance (AKA Jack Doe) as "divisions of Seller" Ibis Club International LLC" but states that the two "are not registered or legal business entities." (DE# 1, ¶¶2, 7.) Except for identifying these two entities, Sterling's complaint appears to contain little other detail specific to either except to say that money from the closing was transferred to these defendants' bank accounts by Wojtas and Seller. (*Id.* at ¶ 73.)

7

If Ibis Club Property Management and Ibis Club Property Maintenance had some other specific, identifiable role in defrauding Sterling, then that information is not in Sterling's complaint. To state a RICO claim against these defendants, Sterling needed to identify specific actions these defendants took, for instance, that constituted bank fraud. All that is clear from Sterling's complaint is that two *other* defendants, Wojtas and Seller, caused money to be transferred to their bank accounts. As far as I am able to discern, Sterling does not even explicitly allege that Property Management and Property Maintenance agreed to receive these funds. Moreover, just as with McCray and Aapex, Sterling failed to sufficiently allege any facts showing that either Property Management or Property Maintenance participated in the operation or control of the purported RICO enterprise. Sterling cannot state a claim simply by naming Property Management and Property Maintenance and lumping them together with all other defendants in general RICO allegations.

Though Sterling did include Buyer Tyrone Cassimy in its RICO claim, his name is missing from the chart in Sterling's proposed report and recommendations indicating the parties against whom it seeks substantive RICO recovery. (Ex. 1, p. 3.) Regardless, Sterling's RICO claim is at a minimum also deficient with regard to him because of a lack of continuity. While Sterling's allegations against Cassimy are generally the most specific in its entire complaint, these allegations only cover a very short period of time – generously four months, from November 17, 2008, when Cassimy was referred to Sterling, to February 27, 2009, when Sterling funded the loan. *See, e.g., Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm'n*, 953 F.2d 587 593 (11th Cir. 1992) (six month fraud scheme insufficient to establish closed-ended continuity).

8

Therefore, regardless of whether other defendants engaged in a much-longer fraud scheme against Sterling, the only allegations regarding Cassimy fail to establish the continuity element. *See DeFalco v. Bernas*, 244 F.3d 286, 322 n.22 (2d Cir. 2001) ("Accordingly, regardless of the point in time at which the plaintiffs allege the overall extortion began, to determine whether the plaintiffs satisfied the requisite period of closed-ended continuity for the Bernas defendants, the duration of the pattern of racketeering activity must be measured by the RICO predicate acts that the jury found the Bernas defendants committed").

As to RICO conspiracy, Sterling's claims are even less sufficient. Sterling merely incorporates most of its previous allegations and then provides a formulaic recitation of the elements for RICO conspiracy. (DE# 1, Count XII.) Just as with the active defendants, Sterling completely failed to provide any specific factual allegations pertaining to an *agreement between any of the defendants* to either (1) any overall conspiratorial objective to violate RICO or (2) any conspiracy to commit two predicate acts. *See American Dental Ass'n*, 605 F.3d at 1293. In other words, the complaint's lack of the elements required under Rule 9(b) is fatal. *Cf. Marshall v. City of Atlanta*, 195 B.R. 156, 169-70 (N.D. Ga. 1996) (discussing Rule 9(b)'s application to RICO conspiracy claims). Even if I were able to find the makings of a conspiracy somewhere within the 217 paragraphs Sterling incorporates by reference in this count, it would be insufficient to satisfy Sterling's obligations under Rule 9(b). *See Lawrie v. The Ginn Cos., LLC*, No. 3:09-cv-446-J-32JBT, 2010 WL 3746725, at *2 (M.D. Fla. Sept. 21, 2010) (finding "scattershot" incorporation of disparate 61 paragraphs discussing multiple

defendants "inappropriately lumps together the Defendants" in a RICO and RICO conspiracy case).

Therefore, I respectfully recommend that the District Court deny Sterling's motion for default judgment as to its RICO and RICO conspiracy claims and dismiss these claims against the inactive defendants without prejudice with leave to amend.

### B. State Law Claims

I respectfully recommend that the District Court deny Sterling's motion for default judgment as to its state law claims and dismiss these claims for lack of supplemental jurisdiction.

Plaintiff quotes to a Ninth Circuit decision in its proposed report and recommendations that purportedly stands for the proposition that a district court has discretion to retain jurisdiction over a plaintiff's state law claims after it dismisses all of its federal law claims. *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303 (9th Cir. 1992). However, the Eleventh Circuit, where this District Court sits, interpreted the law differently in a decision written seven years after *Imagineering* was decided. In particular, the Eleventh Circuit indicates that in original federal question jurisdiction cases, the "federal courts of appeals . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims." *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999). Consequently, because I have recommended denying Sterling's motion for final default judgment and dismissing its RICO and RICO conspiracy claims, I must also respectfully recommend that the District Court dismiss Sterling's state law claims and deny its motion for final default judgment on the state law claims. *Alino v. Aerovias*

*De Mexico, S.A., De, C.V.*, 129 F. Supp. 2d 1341, 1345 (S.D. Fla. 2000) ("the court *must* dismiss the plaintiff's state law claims" if it dismisses its only federal claims) (emphasis added).

### V.     Conclusion

I respectfully recommend that the District Court **deny** Sterling's motion for default final judgment and **dismiss without prejudice** Sterling's claims against the defaulting defendants.

**VI.    Objections**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Court.  Each party may file a response to the other party's objection within 7 days of the objections.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this report and bar the parties from attacking on appeal the factual findings contained herein.  *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, on this 4th Day of March, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies Provided to:
The Honorable Joan A. Lenard
All Counsel of Record