**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 10-22147-CIV-LENARD/GOODMAN

**STERLING NATIONAL MORTGAGE COMPANY, INC.**,

Plaintiff,

v.

**INFINITE TITLE SOLUTIONS, LLC, et al.,**

Defendants.
________________________________/

**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE (D.E. 126) AND DENYING PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT (D.E. 55)**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Jonathan Goodman ("Report," D.E. 126), issued on March 4, 2011. The Report recommends the Court deny Plaintiff Sterling National Mortgage Company, Inc.'s Motion for Final Default Judgment against Defendants Theodore Wojtas, Edelweiss, Inc, Ibis Club International, LLC, Ibis Club Equity Fund, Inc., Ibis Club Property Management (a/k/a John Doe), Ibis Club Property Maintenance (a/k/a Jack Doe), Steal a Condo, LLC, Aapex Appraisal Services, Inc. Sean McCray, and Tyrone Cassimy (a/k/a Tyrone Cassiny)

("Motion," D.E. 55), filed on August 20, 2010.[1] The Report finds that: (1) given the recommendation made in the March 3, 2011, Report and Recommendation (D.E. 124) that the Court grant Defendants' motions to dismiss Plaintiff's RICO and RICO conspiracy claims (the only claims in the Complaint conferring federal jurisdiction); and (2) Plaintiff's concession that "[a]s to the federal question causes of action, Count X (Civil RICO) and Count XI (RICO Conspiracy), Plaintiff believes it would be inequitable for the Court to issue final default judgments against the Defaulted Parties if the Court dismisses those counts as to the active defendants," the Court should deny Plaintiff's Motion on those two claims. (Report at 5-6.) Alternatively, the Magistrate Judge concludes that, "[e]ven if Sterling had

---

[1] Of the thirteen defendants named in Plaintiff's Complaint (D.E. 1), seven defendants are currently in default and are the subject of Plaintiff's motion for final default judgment and this Order. Those Defendants are Ibis Club Equity Fund, Ibis Club Property Management, Ibis Club Property Maintenance, Steal A Condo, LLC, Aapex Appraisal Services, Inc., Sean McCray, and Tyrone Cassimy a/k/a Tyrone Cassiny.

Six Defendants have appeared and are actively defending this action. These active Defendants include Infinite Title Solutions, LLC, Rudy Hernandez, Theodore Wojtas, Edelweiss, Inc, Ibis Club International, LLC, and Stewart Title Guaranty Company. Originally, the clerk entered default against Defendants Edelweiss, Ibis Club International, LLC, and Theodore Wojtas, due to their failure to appear or respond to the Complaint. (See D.E. 34-35, 50.) Upon motion, those defaults were set aside by the Court on October 21, 2010. (See D.E. 81.)

Stewart Title filed its answer to the Complaint on August 30, 2010. (See D.E. 56.) The five other defendants filed motions to dismiss the Complaint. (See D.E. 57, 95.) The Magistrate Judge recently issued a Report and Recommendation recommending that those motions to dismiss be granted and the Complaint dismissed, with leave for Plaintiff to file an Amended Complaint asserting viable RICO and RICO conspiracy claims if desired. (See D.E. 124.)

not already conceded that equity requires denying its motion, I would still recommend that the District Court deny it -- because Sterling's complaint contains insufficient well-pleaded allegations to state either a RICO or RICO conspiracy claim against any of these defendants." (Id. at 6.) The Report continues by examining the civil RICO and RICO conspiracy claims as to the defaulted Defendants in greater detail. (Id. at 6-10.) The Report additionally concludes Plaintiff's Motion should be denied as to the remaining state law claims and these claims should be dismissed for lack of supplemental jurisdiction. (Id. at 10-11.) The Report provided the Parties with fourteen (14) days to file any objections. To date, no objections to the Report have been filed. Failure to timely file objections shall bar parties from attacking on appeal the factual findings contained in the report. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Therefore, after an independent review of the Report and record, it is hereby **ORDERED AND ADJUDGED** that:

**1.** The Report of the Magistrate Judge (D.E. 126), issued on March 4, 2011, is **ADOPTED**;

**2.** Plaintiff Sterling National Mortgage Company, Inc.'s Motion for Final Default Judgment against Defendants Theodore Wojtas, Edelweiss, Inc, Ibis Club International, LLC, Ibis Club Equity Fund, Inc., Ibis Club Property Management (a/k/a John Doe), Ibis Club Property Maintenance (a/k/a Jack Doe), Steal a Condo, LLC, Aapex Appraisal Services, Inc. Sean McCray, and

Tyrone Cassimy (a/k/a Tyrone Cassiny) (D.E. 55) is **DENIED**;

**3.** Plaintiff's claims against Defendants Ibis Club Equity Fund, Inc., Ibis Club Property Management (a/k/a John Doe), Ibis Club Property Maintenance (a/k/a Jack Doe), Steal a Condo, LLC, Aapex Appraisal Services, Inc., Sean McCray, and Tyrone Cassimy (a/k/a Tyrone Cassiny) are hereby **DISMISSED without prejudice** as the Complaint fails to adequately plead and present a sufficient basis for Plaintiff's civil RICO and RICO conspiracy claims against these Defendants and the Court lacks supplemental jurisdiction over the remaining state law claims.

**DONE AND ORDERED** in Chambers at Miami, Florida this 31st day of March, 2011.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**